```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

REGINAL LEE DAVIS,                    No. 19-cv-17877 (NLH) (KMW)

        Plaintiff,

    v.                                        OPINION

HON. GWENDOLYN BLUE, et al.,

        Defendants.

APPEARANCE:

Reginal Lee Davis
4331835
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08102

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Reginal Lee Davis, presently incarcerated in the Camden County Jail in Camden, New Jersey, seeks to bring a complaint pursuant to 42 U.S.C. § 1983. See ECF No. 1.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

1

For the reasons set forth below, the Court will dismiss the complaint without prejudice.

I.  BACKGROUND

The complaint's recitation of the facts reads as follows:

> From September 24th 2013 I've argued name illegal unconstitutional parent settled evaluated twice, the cops lies incuria proof statements perjury his one name, etc; Kidnapping injury named guards stout mad Abele Taylor Egan years oppressed unethical wardens obligation neglected organization three holding equal rights straub use to stamps unsovereign statutes unrecognized unions notice Kareem Morris Smith, Jeanne T. Covert, Aldorasi Stein, Edward J. McBride, Anne T. Picker, Becky L. Lipadow, Terry Lyltle, even Linda Rosenzweig; Baxter Shevel McPhearson, Paul Daniels, Ralp Kramer, John T. McNeil, Jeff Zucker, Roderick T. Baltimore, Commonwealth Official denied extradition subpoena, via original address title husband separation Joel Johnson notified auditor marries established signatures; Forgery Emily Ngee violated indigenous officials union sui generis Yecco Ortolza unanswered request buy rubbers or keep extras.

ECF No. 1 at 5-6.  He alleges Defendant Judge Gwendolyn Blue "failed to instruct the (jury) double jeopardy vice sentence 218mth terms consecutive and failed to honor legal name argument maxims error staredecisis [sic]."  Id. at 4.  He states his public defenders "held information took 'officer outside to hear his testimony in camera material exculpatory witnesses I needed see: Union Prosecutor severance escrow title lawsuits and will Betty Lue Anderson changes kids see: lies adoptions who?" and "[d]idn't meet the expectations via: Color of Law."  Id. at 4, 8.

II.  STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis.  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

Plaintiff fails to state a claim for relief.  His complaint is nonsensical and "consist[s] of jargon, stirred into a pot of vitriol, to yield an abysmal stew of unknowable contents." Britton v. City of Atl., No. 17-1986, 2018 WL 1837803, at *3 (D.N.J. Apr. 18, 2018).  The best the Court is able to discern is that Plaintiff is attempting to challenge various aspects of his state court criminal proceedings based on allegations of ineffective assistance of counsel, actions by the prosecutor, and various rulings by the trial court.  Such claims would be barred by Heck v. Humphrey, 512 U.S. 477 (1994), which prohibits a plaintiff from bringing a § 1983 claim that would necessarily imply the invalidity of his conviction "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  512 U.S. at 487.  Moreover, the trial judge and prosecutor have absolute immunity to certain claims.

The Court will dismiss the complaint without prejudice for failure to state a claim and will allow Plaintiff to submit a proposed amended complaint.  In the event he elects to file a proposed amended complaint, the Court urges Plaintiff to state his allegations in a short, plain matter without resorting to "pointless rhetoric, senselessly-picked Latin terms, irrelevant constitutional excerpts, etc." El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537, 557 (D.N.J. 2011).

4

IV.   CONCLUSION

For the reasons stated above, the complaint is dismissed without prejudice.  Plaintiff may submit a proposed amended complaint within 30 days of this Opinion and Order.

An appropriate order follows.


Dated: _December 1, 2020_           __s/ Noel L. Hillman_____
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.